NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
CARROLL CAMPBELL and         :
CAROLYN J. CAMPBELL,
                             :
         Plaintiffs,
                             :  Civil Action No. 02-3489(JWB)
      v.
                             :      O P I N I O N
CHASE MANHATTAN BANK, USA,
N.A., a national bank;       :
EXPERIAN SERVICES CORPORATION,
a Delaware corporation, auth- :
orized to do business in the
State of New Jersey;         :
EQUIFAX INC., a Georgia cor-
poration, authorized to do   :
business in the State of
New Jersey;                  :
TRANS UNION CORPORATION, a
Delaware corporation, auth-  :
orized to do business in the
State of New Jersey; and     :
CHASE BANKCARD SERVICES, INC.,
a Delaware corporation,      :

         Defendants.         :
```

**APPEARANCES**:

    LAUREN B. COHEN, ESQUIRE
    175 N. Farview Avenue
    Paramus, New Jersey  07652
    (Attorney for Plaintiffs)

    SIMMONS, JANNACE & STAGG
    By:  Thomas E. Stagg, Esquire
    The Financial Center
    90 Merrick Avenue, Suite 102
    East Meadow, New York  11554
    (Attorneys for Defendants
    Chase Manhattan Bank USA, N.A.

```
        (s/h/a Chase Manhattan Bank,
        USA, N.A.) and Chase Bankcard
        Services, Inc.)

        STOLDT, HORAN & KOWAL
        By:  Dorothy A. Kowal, Esquire
        401 Hackensack Avenue
        Hackensack, New Jersey  07601
        (Attorneys for Defendant
        Experian Information Solutions, Inc.)

        TRAFLET & FABIAN
        By:  David M. Fabian, Esquire
        Carriage Court Two
        264 South Street
        Morristown, New Jersey  07960

                - and -

        KILPATRICK STOCKTON LLC
        By:  John J. Friedline, Esquire
        1100 Peachtree Street, Suite 2800
        Atlanta, Georgia 30309-4530
        (Attorneys for Defendant
        Equifax Information Services LLC)

        SATZBERG, TRICHON, KOGAN & Wertheimer
        By:  Timothy P. Creech, Esquire
        1818 Market Street, 30th Floor
        Philadelphia, Pennsylvania  19103
        (Attorneys for Defendant
        Trans Union LLC)
```

**BISSELL,** <u>Chief Judge</u>

This matter comes before the Court on Defendant Trans Union, Defendant Experian Information Solutions, Inc. and Defendant Equifax Information Services LLC's motions for reconsideration of a portion of this Court's June 24, 2005 Memorandum/Order on summary judgment.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 &

1332.

**FACTS AND BACKGROUND**

A complete factual recitation can be found in this Court's June 24, 2005 Opinion. In it, this Court stated the following:

> It is undisputed that defendants Experian, Equifax and Trans Union are "consumer reporting agencies" as defined in 15 U.S.C. § 1681a(f) and the credit reports that have been produced are "consumer reports" within the terms of 15 U.S.C. § 1681(d). It is also undisputed that plaintiffs are "consumers" as defined in 15 U.S.C. § 1681a(c).

See June 24, 2005 Opinion, at 24 n.4. The Defendants Experian, Equifax and Trans Union submit that it is not undisputed that the credit reports that have been produced are "consumer reports" within the terms of 15 U.S.C. § 1681(d). Rather, they contend that the reports are "Disclosures to consumers" as that term is used in § 1681g. Defendants' present moving papers also demonstrate that Plaintiffs have not previously characterized the documents in question as "consumer reports." Trans Union Br. at 1, 2. Plaintiffs filed no opposition to the present motion. The moving Defendants argue that this distinction is material to §1681e(b) claims, because such claims may only be based on "consumer reports."

**DISCUSSION**

**A. Standard for a Motion for Reconsideration**

A motion for reconsideration is governed by Local Civil Rule 7.1(i). It requires that the moving party "set forth concisely

-3-

the matters or controlling decisions which counsel believes the [Court] has overlooked." Pittston Co. v. Sedgwick James of New York, Inc., 971 F. Supp. 915, 918-919 (D.N.J. 1997). Thus, a party "must show more than a disagreement with the court's decision." Panna v. Firstrust Sav. Bank, 760 F. Supp. 432, 435 (D.N.J. 1991). A mere "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." Carteret Sav. Bank, F.A. v. Shushan, 721 F. Supp 705, 709 (D.N.J. 1989). "Only where the court has overlooked matters that, if considered by the court, might reasonably have resulted in a different conclusion, will it entertain such a motion." Re: United States v. Compaction Sys. Corp. et al., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

**B.  Application**

This Court finds that it inaccurately described the reports issued to Plaintiffs as "consumer reports." A "consumer report," as defined in 15 U.S.C. § 1681a(d), is "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's

eligibility . . . ." See 15 U.S.C. § 1681a(d).  The information provided to the Plaintiffs in the instant case was not in "consumer reports" as defined in 15 U.S.C. § 1681a(d); rather they were "Disclosures to consumers."  Title 15 U.S.C. § 1681g states that "every consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer: (1) all information in the consumer's file at the time of the request, . . . ."  See 15 U.S.C. § 1681g.

Section 1681e(b) claims are based on the preparation and dissemination of consumer reports and not on disclosures to consumers.  Therefore, Plaintiffs' claims against the Defendant CRAs which are based on 15 U.S.C. § 1681e(b) must be dismissed.  Accordingly, this Court's June 24, 2005 Opinion and Order is amended to include this dismissal.

## CONCLUSION

For the foregoing reasons, Defendant Trans Union, Defendant Experian Information Solutions, Inc. and Defendant Equifax Information Services LLC's motions for reconsideration of a portion of this Court's June 24, 2005 Memorandum/Order on summary judgment is granted.  Any claims of the Plaintiffs against those

Defendants which are based upon 15 U.S.C. § 1681e(b) are dismissed.

                                        /s/    John W. Bissell
                                              JOHN W. BISSELL
                                                 Chief Judge
                                        United States District Court

DATED:  August 9, 2005